UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:18-cv-03227

FRED NEKOUEE, individually,                    :
                                               :
            Plaintiff,                         :
                                               :
vs.                                            :
                                               :
NORTH STAR FOODS, LLC, a Colorado              :
limited liability company; and                 :
                                               :
            Defendant.                         :
_____:

**COMPLAINT**
(Injunctive Relief Demanded)

PLAINTIFF, FRED NEKOUEE, individually, on his behalf and on behalf of all other mobility impaired individuals similarly situated (sometimes referred to as "Plaintiff"), hereby sues the Defendant, NORTH STAR FOODS, LLC, a Colorado limited liability company (sometimes referred to as "Defendant"), for injunctive relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1.      Plaintiff, Fred Nekouee, is an individual who resides in Lutz, Florida, in the County of Hillsborough.

2.      Defendant' property, a Carl's Jr. restaurant, is located at 4238 Union Street, Firestone, Colorado 80504, in Weld County ("Carl's Jr.").

3.      Venue is proper in the District of Colorado because venue lies in the judicial district of the situs of the property.   The Defendant's property is located in and does business within this judicial district.

4.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given

original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.   See also 28 U.S.C. § 2201 and § 2202.

5.      Plaintiff Fred Nekouee is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.   Fred Nekouee has progressive multiple sclerosis and requires the use of a wheelchair for mobility.

6.      Mr. Nekouee travels to the Longmont-Firestone area every three to six months to accompany his brother at heavy equipment auctions and to visit heavy equipment dealerships, where he assists his brother compare prices to equipment available in other areas, or to help his brother evaluate whether to buy or sell heavy equipment, or to vacation.

7.      Fred Nekouee has visited the property which forms the basis of this lawsuit on August 2, 2018 and October 1, 2018, and he bought goods and sought to avail himself of the services at Carl's Jr. on such dates.

8.      Fred Nekouee attended a heavy equipment auction in the area on October 3, 2018, and he visited Rocky Mountain National Park on October 2, 2018.

9.      Fred Nekouee plans to return to the property to avail himself of the goods and services offered to the public at the property.

10.      The Plaintiff has definite plans to return to the area and to the Carl's Jr. in January of 2018.

11.      Carl's Jr. is close to the hotels he stays at in the area and is close to the heavy equipment auction and dealerships he visits.

12.      The Plaintiff likes the menu and food at Carl's Jr., and since Carl's Jr. is a chain, he generally knows the quality of its food and prices.

13.      The Plaintiff plans to return to Carl's Jr. to enjoy its food again.

14.     For the reasons set forth in paragraphs 6-13 and 25, Fred Nekouee plans to return to the Carl's Jr.

15.     The Plaintiff has encountered architectural barriers at the subject property.

16.     The barriers to access that the Plaintiff encountered at the property have endangered his safety, impaired his ability or those accompanying him to park a vehicle, impaired his ability to access the property, and have impaired his use of the restrooms in Carl's Jr.

17.     The Plaintiff's need to use a wheelchair limits his mobility when surfaces are not nearly flat.

18.     The Plaintiff cannot move up or down steep inclines in his wheelchair because he lacks the strength and also risks tipping his wheelchair forwards or backwards.

19.     Excessively steep cross slopes cause the Plaintiff to be unstable in his wheelchair and such excessively steep slopes pose a risk of causing the Plaintiff to tip over sideways in his wheelchair.

20.     On his visit to the Carl's Jr., the Plaintiff encountered excessively steep slopes in its parking lot.

21.     The Plaintiff encountered and observed barriers to access the men's restroom in Carl's Jr.; and so, he also tried to use the women's restroom, in which women's restroom he also encountered and observed barriers to access.

22.     The Plaintiff is deterred from visiting the Carl's Jr. even though he enjoys its   food, because of the difficulties he will experience there until the property is made accessible to him in a wheelchair.

23.      Defendant owns, leases, leases to, or operates a place of public accommodation (restaurant) as defined by the ADA, 42 U.S.C. § 12181(7)(B), and the regulations implementing

the ADA, 28 CFR 36.201(a) and 36.104.  Defendant is responsible for complying with the obligations of the ADA.   The place of public accommodation that the Defendant owns, operates, leases or leases to is Carl's Jr.

24.    Fred Nekouee has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 28 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant.

25.    Fred Nekouee desires to visit the Carl's Jr. not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

26.    The Defendant has discriminated against the individual by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the building, as prohibited by 42 U.S.C. § 12182 et seq.

27.    The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

28.    Preliminary inspections of the Carl's Jr. have shown that violations exist.  The violations that Fred Nekouee personally encountered or observed include, but are not limited to:

**PARKING**

a.  As shown in the photographs below, in the parking lot serving Carl's Jr., there are no parking spaces for disabled patrons with van accessible signage, in violation of Federal Law 2010, ADAAG §§ 208.2.4 and 502.6.





b.   In the parking lot serving Carl's Jr., the parking space for disabled patrons to the right side of the entrance as one faces the entrance, has a running slope as steep as about 1:18.5 (5.4%), which slope is steeper than the maximum allowed slope of 1:48 (2%), in violation of Federal Law 2010, ADAAG § 502.4.   The Plaintiff encountered this steep slope, and it made it very difficult for him to load and unload from his vehicle.

c.   In the parking lot serving Carl's Jr., the parking space for disabled patrons to the left of the parking space in subparagraph (b) above, has a running slope as steep as about 1:15.2 (6.6%), which slope is steeper than the maximum allowed slope of 1:48 (2%), in violation of Federal Law 2010, ADAAG § 502.4.   The Plaintiff observed this slope, and it deters him from visiting Carl's Jr.

d.    In the parking lot serving Carl's Jr., the change in elevation at the entrance door threshold is about 1.5 inches and greater than the maximum allowed change in elevation of 0.75 inches, in violation of Federal Law 2010, ADAAG § 404.2.5. The Plaintiff encountered this threshold and change in level while moving to and from the entrance to the restaurant, and he required assistance to move over it in his wheelchair.

e.    In the parking lot, the running slope of the middle portion of the access aisle serving the disabled parking spaces is as steep as about 1:15.9 (6.3%), which slope is steeper than the maximum allowed slope of 1:48 (2%), in violation of Federal Law 2010, ADAAG § 502.4.   The Plaintiff encountered this slope in this access aisle in his wheelchair, and it made him unstable in his wheelchair.

f.    In the parking lot, the running slope of the front section of the access aisle serving the disabled parking spaces is as steep as about 1:20.4 (4.9%), which slope is steeper than the maximum allowed slope of 1:48 (2%), in violation of Federal Law 2010, ADAAG § 502.4.   The Plaintiff encountered this slope in this access aisle in his wheelchair, and it made him unstable in his wheelchair.

g.    The transition from the access aisle for the disabled parking spaces and the curb ramp leading to the accessible route to the restaurant, contains a change of level of about 0.75 inches and greater than the maximum allowed change in elevation of 0.25 inches, in violation of Federal Law 2010, ADAAG §§ 303.2 and 405.4.   The Plaintiff encountered this change of level, and he required assistance to move over it in his wheelchair.

h.    The top landing to the accessible ramp has a slope as steep as about 1:14.1 (7.1%), which slope is steeper than the maximum allowed slope of 1:48 (2%), in violation of Federal Law 2010, ADAAG § 405.7.1.   The Plaintiff encountered this steep slope on this

ramp, and it made him unstable while moving in his wheelchair.

   i.    The accessible ramp does not have a proper landing at the top of the ramp run, in violation of Federal Law 2010, ADAAG § 405.7.   The Plaintiff encountered this condition, and it made him unstable in his wheelchair.

   **ENTRANCE DOOR AND INTERIOR FOOD SERVICE AREA**

   j.    The force needed to open the entrance door to Carl's Jr. is about 8 pounds, which force exceeds the maximum allowed force of 5 pounds (22.2 N) pertaining to the continuous application of force necessary to fully open a door, in violation of Federal Law 2010, ADAAG § 404.2.9.   The Plaintiff encountered this condition.

   k.    In Carl's Jr., the top of the trash tray counter is about 50 inches above the finish floor and higher than the maximum allowed height of 36 inches above the finish floor, in violation of Federal Law 2010, ADAAG § 904.4.1.    The Plaintiff encountered this high counter.

   l.    In Carl's Jr., the soda machine dispenser keys are about 51 inches above the finish floor and outside of the reach range of an individual in a wheelchair of a maximum height above the finish floor of 48 inches when the reach depth is less than 20 inches, in violation of Federal Law 2010, ADAAG § 308.2.2.   In his wheelchair, the Plaintiff tried but could not push the dispenser key.

   m.    In Carl's Jr., the water dispenser key is about 52 inches above the finish floor and outside of the reach range of an individual in a wheelchair of a maximum height above the finish floor of 48 inches when the reach depth is less than 20 inches, in violation of Federal Law 2010, ADAAG § 308.2.2.   In his wheelchair, the Plaintiff tried but could not push the dispenser key for water.

n.    In Carl's Jr., the lid and straw holder is about 60 inches above the finish floor and outside of the reach range of an individual in a wheelchair of a maximum height above the finish floor of 48 inches when the reach depth is less than 20 inches, in violation of Federal Law 2010, ADAAG § 308.2.2.   In his wheelchair, the Plaintiff tried but could not reach the lids and straws.

o.    In the Carl's Jr., the clear floor or ground space between the wall and the baby seats was less then the minimum required clearance of 30 inches, in violation of Federal Law 2010, ADAAG § 305.   The Plaintiff encountered these baby seats while moving in his wheelchair.

**MEN'S RESTROOM**

p.    The force needed to open the entrance door to the men's restroom in Carl's Jr. is about 10 pounds, which force exceeds the maximum allowed force of 5 pounds (22.2 N) pertaining to the continuous application of force necessary to fully open a door, in violation of Federal Law 2010, ADAAG § 404.2.9.   The Plaintiff encountered this condition, and he required assistance to open this door to enter the restroom.

q.    The men's restroom door pull side maneuvering clearance in a front approach perpendicular to the doorway is about 52 inches and less than the minimum required clearance of 60 inches, in violation of Federal Law 2010, ADAAG § 404.2.4.   The Plaintiff had difficulty entering the restroom due to this lack of clearance space.

r.    In the men's restroom in Carl's Jr., the restroom door accessible toilet compartment door pull is not provided on both sides of the door near the latch, in violation of Federal Law 2010, ADAAG § 604.8.1.2.   The Plaintiff encountered the lack of a door pull on the inside of the door in this compartment, and he could not fully close this door.

s.   In the men's restroom in Carl's Jr., the side wall grab bar only extends about 47 inches from the rear wall and not the minimum required extension from the rear wall of 54 inches (1370 mm), in violation of Federal Law 2010, ADAAG § 604.5.1.   The Plaintiff encountered this side wall grab bar and its lack of extension from the rear wall made it very difficult for him to transfer from his wheelchair to sit on the toilet.

t.   In the men's restroom in Carl's Jr., the height of the top of the lavatory sink is higher above the finish floor than the maximum allowed height above the finish floor of 34 inches, in violation of Federal Law 2010, ADAAG § 606.3.   The height of the sink above the finish floor made it difficult for the Plaintiff to use the sink.

u.   In the men's restroom in Carl's Jr., the lavatory pipes under the sink are not insulated, in violation of Federal Law 2010, ADAAG §§ 606.3 and 606.5.   The Plaintiff used this sink, and due to the lack of insulation, he risked injury and burns to the skin on his legs.

v.   In the men's restroom in Carl's Jr., the clear floor or ground space is blocked by a trash can and is less than the minimum required clearance width of 30 inches, in violation of Federal Law 2010, ADAAG §§ 606.2 and 305.5.   The Plaintiff encountered this trash can in his wheelchair and it made it very difficult for him to maneuver in the restroom.

w.   In the men's restroom in Carl's Jr., the toilet paper dispenser is outside the reach range of a minimum of 7 inches and a maximum of 9 inches from the front of the water closet, in violation of Federal Law 2010, ADAAG § 604.7.   Due to the location of the toilet paper dispenser, the Plaintiff could not reach the toilet paper from a normal sitting position on the toilet.

x.   In the men's restroom in Carl's Jr., the bottom edge of the mirror's reflecting

surface is higher than the maximum allowed height of 40 inches above the finish floor, in violation of Federal Law 2010, ADAAG § 603.3.   From his wheelchair, the Plaintiff could not see his full face in this mirror due to its height above the floor.

**WOMEN'S RESTROOM**

y.     The force needed to open the entrance door to the women's restroom in Carl's Jr. is about 10 pounds, which force exceeds the maximum allowed force of 5 pounds (22.2 N) pertaining to the continuous application of force necessary to fully open a door, in violation of Federal Law 2010, ADAAG § 404.2.9.   The Plaintiff encountered this condition, and he required assistance to open this door to enter the restroom.

z.     The women's restroom door pull side maneuvering clearance in a front approach perpendicular to the doorway is 53 inches and less than the minimum required clearance of 60 inches, in violation of Federal Law 2010, ADAAG § 404.2.4.   The Plaintiff encountered this condition, and it made it very difficult to maneuver in his wheelchair.

aa.   In the women's restroom in Carl's Jr., the accessible toilet compartment door pull is not provided on both sides of the door near the latch, in violation of Federal Law 2010, ADAAG § 604.8.1.2.   The Plaintiff encountered this condition.

bb.   In the women's restroom in Carl's Jr., the side wall grab bar only extends 45 inches from the rear wall and does not extend the required minimum length of 54 inches (1370 mm) from the rear wall, in violation of Federal Law 2010, ADAAG § 604.5.1.   The Plaintiff used this side wall grab bar, and its lack of length from the rear wall made it very difficult for him to transfer from his wheelchair to the toilet.

cc.   In the women's restroom in Carl's Jr., the clear floor or ground space width is blocked by a trash can and is less than the minimum required width of 30 inches, which

lack of width does not allow a forward approach to the sink, in violation of Federal Law 2010, ADAAG §§ 606.2 and 305.5.   The Plaintiff encountered this trash can in this space.

dd.   In the women's restroom in Carl's Jr., the bottom edge of the mirror's reflecting surface is higher than the maximum allowed height of 40 inches above the finish floor, in violation of Federal Law 2010, ADAAG § 603.3.   Due to its height above the floor, the Plaintiff could not see his full face in this mirror from his wheelchair.

ee.   In the women's restroom in Carl's Jr., the door latch to the toilet compartment requires tight grasping, pinching or twisting of the wrist and cannot be opened with a closed fist or loose grip, in violation of Federal Law 2010, ADAAG § 309.4 and 404.2.7.   The Plaintiff encountered this condition.

ff.    In the women's restroom in Carl's Jr., the coat hook is installed at about 68 inches above the finish floor and higher above the finish floor than the maximum allowed reach height of 48 inches above the finish floor, in violation of Federal Law 2010, ADAAG § 603.4.   Due to its height above the floor, the Plaintiff tried but could not use this coat hook.

29.    All of the foregoing violations are also violations of the 1991 Americans with Disability Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

30.    The discriminatory violations described in paragraph 28 are not an exclusive list of the Defendant's ADA violations.   Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.   In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to

determine all of the areas of non-compliance with the Americans with Disabilities Act.

31. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's building and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

32. Defendant has discriminated against the individual by denying individuals access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

33. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted.

34. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

35.    Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

36.    Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   All other conditions precedent have been met by Plaintiff or waived by the Defendant.

37.    Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the Carl's Jr. restaurant and adjacent parking lot spaces to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a.    The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans

with Disabilities Act, 42 U.S.C. § 12181 et seq.

b.      Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.      An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205, 28 U.S.C. § 1920, 42 U.S.C. § 2000e-5(k), and 42 U.S.C. § 12117(a).

d.      Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff, Fred Nekouee, by and through his undersigned counsel, hereby designates

Denver, Colorado as the place of trial for this action.

Respectfully submitted,

s/Robert J. Vincze
Robert J. Vincze (CO #28399)
Law Offices of Robert J. Vincze
PO Box 792
Andover, Kansas 67002
Phone: 303-204-8207
Email: vinczelaw@att.net
*Attorney for Plaintiff Fred Nekouee*